[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11558
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00173-KOB


R. CRAWFORD WELCH,
GILES F. CRIDER,

                                                        Plaintiffs - Appellants,

    versus

F. MARION CAIN, III,
in his individual capacity,
CALHOUN COUNTY COMMISSION, THE,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 30, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

R. Crawford Welch and Giles F. Crider appeal from the dismissal with prejudice of their complaint alleging that the defendants, including their former supervisor, Marion Cain III, at the Center for Domestic Preparedness ("CPD") violated their First Amendment rights.[1] Welch and Crider allege in their complaint that while they were employed by the CPD they made numerous disclosures involving matters of public concern about corruption, fraud, sexual harassment, and waste of government funds at CPD. They allege that when the defendants found out that they made such disclosures, the defendants terminated them. The district court dismissed Welch's and Crider's First Amendment claims against Cain, concluding that the claims could not be sustained because the Supreme Court's decision in Bush v. Lucas, 462 U.S. 367 (1983), precludes federal employees from bringing a damages claim for retaliatory discharge under the First Amendment.

We review *de novo* the district court's grant of a motion to dismiss for

---

[1] The district court previously dismissed all claims against defendants, Janet Napolitano, Secretary of the Department of Homeland Security, and the Center for Domestic Preparedness, and dismissed, as to all defendants, Welch's and Crider's claims under the State Employees Protection Act (SEPA) and their Equal Protection Claim under the Fourteenth Amendment. They are not appealing any of these rulings. Welch and Crider also voluntarily dismissed their claims against defendant, Calhoun County Commission. Thus, the only issue in this appeal is the dismissal of the Welch's and Crider's First Amendment claims against defendant, Cain.

failure to state a claim, accepting all the factual allegations as true and construing them in the light most favorable to the plaintiffs. Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1176 (11th Cir. 2009). Having considered the arguments of the parties and having reviewed the allegations in the complaint in the light most favorable to Welch and Crider, we affirm the dismissal of their complaint.

Here, Welch and Crider have alleged that during all material times, they were employed by the Defendants, which included Janet Napolitano, the Secretary of Homeland Security, the CDP, and Cain, the then Director of the CDP. Each of these defendants is a federal government entity or official. Despite these allegations, Welch and Crider argue on appeal that they have not alleged that they are federal employees, and thus, it would be improper to dismiss their complaint at this stage of the litigation. This argument is without merit. The complaint alleges that "[a]t all material times, the plaintiffs were employed by the Defendants." The only defendant at issue in this appeal is Cain, the former Director of the CDP, a federal agency. Although the complaint does not explicitly use the words "federal" employees, the only reasonable inference that can be drawn from all of the allegations in the complaint, is that Welch and Crider were federal employees

at the CDP.[2]

Accordingly, we see no error in the district court's dismissal of Welch's and Crider's First Amendment claims against defendant, Cain.

AFFIRMED.

---

[2] Welch and Crider argue that they are "contract" employees for a federal agency and that this status would not preclude their cause of action. We need not decide whether <u>Bush</u> would preclude a "contract" employee from stating a cause of action under the First Amendment, because even construing all of the allegations in the complaint in the light most favorable to Welch and Crider, we so no basis to conclude that they have alleged that they are "contract" employees.